BENÍTEZ, PLAINTIFF AND APPELLEE, v. DÍAZ, DEFENDANT AND APPELLANT.

## Appeal from the District Court of Humacao in an Action for Subrogation.

### No. 2189.—Decided June 25, 1920.

SUBROGATION—EVIDENCE.—It is not necessary to exhibit with a complaint for subrogation any evidence of the titles on which the action is based, for article 1616 of the Spanish Law of Civil Procedure which exacted this was repealed by the present Code of Civil Procedure.

ID.—HEIRS.—A person who bought the undivided interest of a joint owner in a certain property cannot oppose an action for subrogation brought by another joint owner on the plea that he is not a stranger because he is an heir of his deceased wife, who was also a joint owner, and exercised *patria potestas* over one of the children of the marriage, for the designation of intestate heirs of the wife was made only in favor of the children and the *patria potestas* over one of them does not give him the character of an heir.

ID.—HEREDITARY INTERESTS—COMMUNITY INTERESTS.—When it is not sought to recover hereditary rights sold by an heir, but an interest in a certain property held in common, section 1425 of the Civil Code, which governs community subrogation, is applicable and not section 1034, which governs hereditary subrogation.

The facts are stated in the opinion.

*Mr. L. Llorens Torres* for the appellant.

*Mr. F. González* for the appellee.

MR. CHIEF JUSTICE HERNÁNDEZ delivered the opinion of the court.

On June 20, 1918, the plaintiff, José J. Benítez Díaz, brought an action for legal subrogation in the District Court of Humacao against the defendant, José A. Díaz Gómez, alleging in the complaint as facts constituting his cause of action the following:

That he is the owner in common with Enriqueta Longpré

and Ana María Díaz Longpré of the property called Piedra Hueca described in the complaint.

That by a public deed of June 12, 1918, executed before notary Luis Pereyó Quiñones, the marshal of the District Court of Humacao, representing Enriqueta Longpré, a joint tenant who had been declared incapacitated by the court, sold to the defendant, José A. Díaz Gómez, her undivided interest of one-eighth of the property called Piedra Hueca for the lump sum of $5,550.

That availing himself of the right of legal subrogation, the plaintiff is willing to be substituted, under the same conditions of the contract, in the place of the defendant and is also willing to reimburse him not only for the purchase price, but also for the expenses of the contract and any other lawful expense arising from the sale and the necessary expenses laid out on the property.

That on June 20, 1918, the plaintiff deposited in the District Court of Humacao the purchase price of $5,550 and $30 more which he estimates as the maximum lawful amount of the expenses of the contract of purchase and sale.

That the plaintiff agrees not to sell the interest involved in the action within four years.

The complaint concludes with a prayer that it be sustained; that the defendant be adjudged to execute a deed conveying to the plaintiff the said interest in the Piedra Hueca property, the money deposited being placed at his disposal, and that if he should not do so within the time to be fixed by the court, then the marshal should execute such deed, with the costs, disbursements and attorney fees against the defendant.

The defendant demurred to the complaint on the ground that it did not state facts sufficient to constitute a cause of action and the demurrer was overruled.

The defendant then answered the complaint, admitting

certain allegations, denying others and alleging that as the plaintiff was not an heir of Enrique Nerón Longpré, in whose name the Piedra Hueca property was still recorded in the registry of property, nor of his widow, Carlota Benítez, he had no right of subrogation to the defendant in the interest that the latter had acquired in the said property.

The case was tried and on May 2, 1919, the court entered judgment sustaining the complaint and holding that the plaintiff had proved the material grounds of his action and that under the provisions of sections 1424 *et seq.* of the Civil Code, there is no doubt that he has the right to subrogation as prayed for, inasmuch as the defendant, José A. Díaz Gómez, is a stranger to the Piedra Hueca property and the defendant filed his action in due time and has complied with all the requirements of law.

The defendant appealed from that judgment and alleged the following in support of his appeal:

(*a*) That the court erred in overruling the demurrer to the complaint, as it should have been sustained under article 1616 of the Spanish Law of Civil Procedure which provides that some evidence of the title on which the right of subrogation is based must accompany the complaint.

(*b*) That the court erred in holding that the defendant is a stranger to the estate of Enrique Nerón Longpré.

(*c*) That the court erred in holding that this is a community subrogation instead of a hereditary subrogation, thus erroneously applying section 1425 of the Civil Code and failing to apply section 1034 of that code.

As to the first error assigned, we are of the opinion that the complaint contains all of the allegations necessary in an action for subrogation. It was not necessary to exhibit with the complaint any evidence of the title on which the right of subrogation is based, for the provision of the Spanish Law of Civil Procedure on that point has been repealed

by the new system of procedure established by the Code of Civil Procedure now in force, the provisions of which relative to the formalities of the complaint in a case like this— sections 103 and 125 of the said code—have been fully complied with.

Article 1616 of the old Law of Civil Procedure is in harmony with article 503 thereof, which provides that every complaint or answer must be accompanied by the document or documents on which the interested party bases his right. That article is no longer strictly applicable, for the introduction of evidence is ordinarily deferred until the time of the trial.

It is true that in the case of *González* v. *Acha et al.*, 21 P. R. R. 124, we held that the requirement of a deposit by the former Law of Civil Procedure remained in force after the adoption of the Code of Civil Procedure of 1904, for the reasons then stated; but those reasons do not favor the appellant's contention.

As regards the second error assigned, we transcribe the following as facts admitted, among others, by a stipulation of the parties:

"1. That Enrique Nerón Longpré died intestate in Vieques in the year 1900, leaving real and personal properties subject to partition among his heirs, and that the Piedra Hueca property described in the complaint belonged to the said Longpré at the time of his death and is one of the real properties left to his heirs.

"2. That after the death of the said Enrique Nerón Longpré the District Court of Humacao designated as his sole and universal heirs his widow, Carlota Benítez, and his daughters María, Enriqueta, Cecilia, and Carlota Longpré Benítez, the only children born of his wedlock with the said Carlota Benítez.

"3. That Carlota Longpré Benítez married defendant José A. Díaz Gómez and died intestate on May 26, 1910, survived by the widower (the defendant) and their daughters (the only offspring of the wedlock) Paulina and Ana María Díaz Longpré, and the said two daughters were designated by the district court as her sole and universal heirs.

"4. That thereafter Carlota Benítez, the widow of Enrique Nerón Longpré, also died intestate and was succeeded by her said daughters María, Enriqueta and Cecilia Longpré Benítez and the heirs of her predeceased daughter, Carlota Longpré Benítez, as her sole and universal heirs."

The appellant alleges that as Carlota Longpré was one of the daughters and heirs of Enrique Nerón Longpré, he, as widower and heir of Carlota Longpré and as father with *patria potestas* of the minor Ana María Díaz Longpré, can not be considered as a stranger to the said succession.

The facts which we have stated show *prima facie* that that allegation has no force for the purposes of the appellant. José A. Díaz Gómez is really a stranger to the estate of Enrique Nerón Longpré, for after his death the court designated as his sole and universal heirs his widow, Carlota Benítez, and his daughters María, Enriqueta, Cecilia and Carlota Longpré Benítez, and after Carlota Longpré Benítez died on May 26, 1910, the District Court of Humacao designated as her sole and universal heirs her legitimate daughters Paulina and Ana María Díaz, but not widower José A. Díaz, the defendant, and for the purposes of this appeal we must abide by that decision. His *patria potestas* over Ana María Díaz does not invest her father, José A. Díaz, with the character of heir of Carlota Longpré.

The third error assigned is also without merit. Sections 1034 and 1425 of the Civil Code read as follows:

"Section 1034.—If any of the heirs should sell his hereditary rights to a stranger before the division, all or any of the co-heirs may subrogate himself [*sic*] in the place of the purchaser, reimbursing him for the value of the purchase, provided they [*sic*] do so within the period of a month, to be counted from the time they were informed thereof."

"Section 1425.—A co-owner of a thing held in common may exercise the redemption in case the shares of all the other co-owners or of any of them, are sold to a third party. * * * *"

Section 1034 is not applicable to this case, for there is not involved the sale of a hereditary right, but the sale of a joint tenancy in a certain property, i. e. the Piedra Hueca plantation, by Enriqueta Longpré to José A. Díaz Gómez. Enriqueta Longpré was the owner of a joint interest in the said plantation and the plaintiff was the same, the defendant being a stranger; therefore the court acted correctly in applying section 1425 of the Civil Code, which governs community subrogation, instead of section 1034, which governs hereditary subrogation.

This was the theory of Manresa in his Commentaries on the Civil Code, volume 7, page 673, where, commenting on section 1067 of the Spanish Civil Code (section 1034 of our code), he said:

Besides, there is not involved a definite object of the estate, nor of several of them jointly, which would give rise to community subrogation, but the hereditary right. * * * We are of the opinion that wherever definite objects are involved, whether they are sold as a whole or in fractions (and an heir can sell only a fraction), the subrogation referred to in section 1522 (section 1425 of the Revised Civil Code) is a matter of right. And wherever no object is determined, but the whole or part of the hereditary right is sold in the abstract, section 1067 (1034 of the Revised Code) should be applied.''

In brief, the plaintiff has brought his action under the theory of section 1425 of the Revised Civil Code and under that theory he has alleged and proved all the facts constituting his cause of action.

The judgment appealed from must be

*Affirmed.*

Justices del Toro, Aldrey and Hutchison concurred.

Mr. Justice Wolf took no part in the decision of this case.